IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-14-231-R |
| | ) | |
| MATTHEW LANE DURHAM | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant has filed a Motion to Dismiss the Superseding Indictment and Alternative Request for Bill of Particulars (Doc. No. 127); in response the United States has filed a motion to strike as well as a response (Doc. Nos. 129, 136). After the motions were fully briefed a Second Superseding Indictment was returned by the grand jury, eliminating Counts 9 through 16 of the Superseding Indictment and replacing Count 9 with a charge of violating 18 U.S.C. § 2423(b), without identification of any alleged victim. Counts 1 through 8 were amended, as discussed subsequently herein, and Counts 17 through 24 of the Superseding Indictment were both amended and renumbered, with Counts 10 through 17 of the Second Superseding Indictment now charging violations of 18 U.S.C. § 2423(c). The amendments to the Counts alleging violation of 18 U.S.C. § 2423(c) are also set forth below. Certain of the changes between the Superseding Indictment and Second Superseding Indictment appear directed to arguments raised by Defendant in the instant motion. However, because the Second Superseding Indictment is substantially similar to its predecessor, the Court will not delay the action by mooting Defendant's previously filed motion, but rather will address the

merits thereof herein as applied to the Second Superseding Indictment, and will determine whether the most recent charge negates any of Defendant's arguments. Having reviewed the parties' filings, the Court finds as follows.[1]

Defendant originally contended Counts 1 through 8 of the Superseding Indictment should be dismissed because they were insufficiently pled. Specifically Plaintiff complained that the charges failed to identify the specific "sexual act" that he engaged in pursuant to 18 U.S.C. § 2246(2).[2] Alternatively, Defendant sought a bill of particulars identifying which sexual acts the government contends he engaged in with each victim.

> "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must

---

[1] The Government filed a Motion to Hold in Abeyance the Government's Response and to Strike Portions of Defendant Matthew Lane Durham's Motion (Doc. No. 129). The Court denied the Government's request for abeyance, concluding the issue of whether Defendant's motion was timely in all respects could be addressed simultaneously with the substance of the motion and ordered Defendant to respond, which he has done. The Court hereby DENIES Plaintiff's Motion to Strike. The Government contends Defendant waived any issue that could have been raised with regard to the original Indictment by failing to raise the issue by the December 7, 2014 deadline established by the Court. Defendant notes that the deadline was prior to the January 21, 2015 filing of the Superseding Indictment, and further that the current claims could not have been raised in response to the original indictment. The Court concurs with Defendant's arguments that certain of the issues could not have been raised. When dealing with multiple unnamed victims, the original three charges did not give rise to any indication of multiplicity because the number of alleged victims would have permitted each count to be tied to different victim. Furthermore, although Defendant could have requested a bill of particulars with regard to the original three counts, the government has now modified all remaining counts in a manner that reflects an attempt at more specific pleading, and thus any challenge to the alleged deficiencies in the charging document would not have barred a challenge to subsequent revisions thereof.

[2] The Superseding Indictment charged in each of the first eight counts that Defendant traveled with the intent to engage in a sexual act with a particular victim and that he did knowingly engage in a sexual act with that same particular individual. The Second Superseding Indictment charges in Counts 1 though 6 that Defendant traveled with the "intent to engage in a sexual act (as defined in Title 18, United States Code, Section 2246) with another person who had not attained the age of 12 years, and did knowingly engaged in and attempt to engage in a sexual act with [the alleged victim]." The Second Superseding Indictment also charges attempt in each count, which the Superseding Indictment did not.

2

> defend, and enables the defendant to assert a double jeopardy defense." *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir.2008) (quotations omitted). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the [offense] intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) (quotation omitted). "Therefore, where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *Redcorn*, 528 F.3d at 733 (quotations omitted). "An indictment need only meet minimal constitutional standards[;] ... we determine the sufficiency of an indictment by practical rather than technical considerations." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir.1997).

*United States v. Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014). Here the language of Counts 1 through 6 of the Second Superseding Indictment tracks the language of the charging statute, 18 U.S.C. § 2241(c). The counts are substantively identical to one another but for the identification of the alleged victim, alleging:

> From on or about April 30, 2014, to on or about June 17, 2014, in the Western District of Oklahoma and elsewhere, the defendant, . . . Matthew Lane Durham, . . . did cross a State line while traveling from the State of Oklahoma to the Country of Kenya with the intent to engage in a sexual act (as defined in Title 18, United States Code, Section 2246) with another person who had not attained the age of 12 years, and did knowingly engage in and attempt to engage in a sexual act with [alleged victim's initials, age and gender] and whose identity is known to the Grand Jury.

The statute provides that

> Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years . . . knowingly engages in a sexual act with another person who has not attained the age of 12 years . . . or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life.

3

18 U.S.C. § 2241(c). The Second Superseding Indictment specifies the law which the Government asserts was violated, 18 U.S.C. § 2246 by including the source for the definition of "sexual act." Under Tenth Circuit precedent the Second Superseding Indictment is sufficient. *See United States v. Welch*, 327 F.3d 1081, 1090 (10th Cir.2003) ("An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.") (*citing United States v. Avery*, 295 F.3d 1158, 1174 (10th Cir.2002)). As such, Defendant's motion to dismiss is denied with regard to Counts 1 through 8 of the Second Superseding Indictment.

As noted, Defendant alternatively requests a bill of particulars. Rule 7(f) of the Federal Rules of Criminal Procedures provides:

> Bill of Particulars. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

*Id.* The purpose of such a bill is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir.1993). A defendant "is not entitled to notice of all of the evidence the government intends to produce, but only the theory of the government's case," *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996)(internal quotation marks omitted). A bill of particulars "is not a discovery device." *United States v.*

4

*Dunn*, 841 F.2d 1026, 1029 (10th Cir.1988), and "if the defendant has access to evidence, a bill of particulars should not be used to gather the government's evidence." *United States v. Diaz*, 2011 WL 6118610, *1 (D.Kan. Dec. 8, 2011)(citing *United States v. Barbieri*, 614 F.2d 715, 719–20 (10th Cir.1980)).

In response to Defendant's motion, the Government contends it has provided Defendant with full discovery which supplements the allegations in the Superseding Indictment, now the Second Superseding Indictment, which discovery includes Defendant's statements while in Kenya and the statements of the alleged victims. Defendant contends he has not been provided "complete" discovery, because there are items he still seeks that he has been unable to obtain from the Government.[3]

That Defendant has not received what he characterizes as "complete" discovery does not mean that he is unable to discern the nature of the charges against him. Although Defendant contends the interviews with children are in Swahili, at times difficult to hear, and often conflicting, they nevertheless give notice to Defendant of what evidence against him the government may introduce, especially when combined with the statements Defendant made prior to his return from Kenya. As such, the Court finds that Defendant is not entitled to a bill of particulars identifying which specific subsections of § 2246 the government

---

[3] In his reply brief Defendant makes serious accusations regarding counsel's inability to conduct discovery in Kenya because the FBI has allegedly informed potential witnesses not to speak with defense counsel. Defendant also asserts the government has failed to control its investigation which should result in dismissal. Allegations such as these are not properly included for the first time in a reply brief, which does not provide the United States with the opportunity to respond. Additionally, if Defendant contends the action against him should be dismissed because of the investigation a separate motion is necessary.

contends he violated.

This case is similar to *United States v. Kufrovich*, 997 F.Supp. 246 (D.Conn. 1997), *rejected on other grounds, United States v. Griffith*, 284 F.3d 338 (2d Cir. 2002), wherein the court concluded the Defendant was not entitled to a bill of particulars identifying the specific sexual act under 18 U.S.C. § 2246.

> The government provided a Bill of Particulars which reveals which laws the government claims would have been violated by the sexual act involved. The Court finds that the defendant needs no further specification of the sexual act referred to in Count One in order to prepare an adequate defense. Forcing the government to provide more details would serve only to unduly restrict the government's presentation of its case. *See Young & Rubicam, Inc.*, 741 F.Supp. at 349.
>
> Count Two of the indictment tracks the language of § 2423(b), which states that 18 U.S.C. § 2246 defines the unlawful sexual act referred to in the statute. For the same reasons discussed in the preceding paragraph in reference to Count One of the indictment, the Court finds that the defendant is not entitled to a further particularization of the sexual act referred to in Count Two.

*Id.* at 258. The Second Superseding Indictment sufficiently apprises Defendant that the sexual act he allegedly committed is one of those listed in 18 U.S.C. § 2246. The Court finds that the Second Superseding Indictment combined with the discovery provided to Defendant, which admittedly include both his statements and statements of the alleged victims are sufficient to inform him of the charges against him. As such, his request for a bill of particulars is denied.

Defendant's arguments with regard to Counts 7 and 8 differs from his request with regard to Counts 1 through 6 because Counts 7 and 8 each charge a violation of 18 U.S.C. § 2241(c), but with victims between the age of twelve and sixteen. Defendant argued with

6

regard to the Superseding Indictment that it was insufficient because those 2 counts failed to indicate whether the aggravating circumstances present were those of subsection (a) or (b) and failed to allege the required intent, because they did not allege "that Mr. Durham crossed a State line with the intent to engage in a sexual act with a person who has not yet attained the age of 12 years. An intent to engage in a sexual act with L.M. [Count 7] does not meet the intent requirement because the alleged victim is over the age of 12." Doc. No. 127, p. 4.

The Second Superseding Indictment resolves these two issues. Counts 7 and 8 of the Second Superseding Indictment allege that Defendant:

> did cross a State line while traveling from the State of Oklahoma to the Country of Kenya with the intent to engage in a sexual act (as defined at Title 18, United States Code, Section 2246) with another person who had not attained the age of 12 years, and did knowingly and by force engage in and attempt to engage in a sexual act with [victim between the age of 12 and 16 identified by initials, age and gender] and who was at least 4 years younger than the defendant and whose identity is known to the Grand Jury.

Second Superseding Indictment, Counts 7 and 8. The amendment eliminates Defendant's contention that the aggravating circumstance has not been pled, because both Counts 7 and 8 alleged the use of force, which is the aggravating circumstance addressed by § 2241(a). Although the Second Superseding Indictment does not quote the entirety of that subsection, it sufficiently apprises Defendant that he is alleged to have used force against L.M. and J.N.2. Additionally both charges now allege that Defendant traveled with the intent to engage in a sexual act with a person not yet twelve years of age, as required by the statute. As such, the particular errors that Defendant alleged were present in the Superseding Indictment with regard to Counts 7 and 8 have been eliminated by the Second Superseding Indictment.

Defendant also contends that Counts 7 and 8 do not sufficiently allege the "sexual act" Defendant engaged in. The Court rejects this contention for the reasons set forth above and denies the request for a bill of particulars as to Counts 7 and 8 for the same reasons set forth above.

Defendant challenged Counts 9 through 16 of the Superseding Indictment on the basis that the Government failed to identify which specific sexual conduct Defendant intended to engage in, because § 2423(b) prohibits travel with the intent to engage in "illicit sexual conduct." The counts alleging violation of 18 U.S.C. § 2423(b) were removed from the Second Superseding Indictment, save for Count 9, alleging violation of 18 U.S.C. § 2423(b), travel with intent to engage in illicit sexual conduct as defined in Title 18 U.S.C. § 2423(f) and 2246, with a person under 18. For the reasons set forth above, and in light of the reference in the Second Superseding Indictment to the relevant statutory definitions of "illicit sexual conduct," the Court denies Defendant's motion to dismiss with regard to count 9, the only remaining charge under § 2423(b).

With regard to Counts 17 through 24 of the Superseding Indictment, Defendant again asserted dismissal was appropriate because the Government had failed to identify the "illicit sexual conduct." *See* 28 U.S.C. § 2423(c). The Second Superseding Indictment now charges violations of § 2423(c) in Counts 10 through 17 and alleges Defendant "engaged in illicit sexual conduct (as defined in Title 18 of the United States Code, Sections 2423(f) and

8

2246).[4] The Court finds that Second Superseding Indictment sufficient to apprise Defendant of his alleged misconduct by reference to the underlying statutes defining illicit sexual conduct so as to avoid dismissal of the indictment on the basis that it is vague, for the same reasons set forth above with regard to Counts 1 through 8.

Defendant next contended Counts 1 through 6, 9 through 16, and 17 through 22 of the Superseding Indictment were multiplicitous.

> Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior. *United States v. Morehead*, 959 F.2d 1489, 1505 (10th Cir.1992). "While multiplicity is not fatal to an indictment, ... it poses the threat of multiple sentences for the same offense and may improperly suggest to the jury that the defendant has committed more than one crime." *Id.* (citation omitted). The threat of multiple sentences for the same offense raises double jeopardy implications. *Id.*

*United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). The Second Superseding Indictment eliminates any concern with regard to Counts 10 through 16, which are not part of the new charging document. Count 9 of the Second Superseding Indictment alleges that Defendant violated 18 U.S.C. § 2423(b), the same count alleged in the Superseding Indictment. Charging Defendant with violating both 18 U.S.C. §§ 2241(c) and 2423(b) is not inherently multiplicitous. There is the possibility that Defendant could be acquitted on Counts 1 through 8, but found guilty on Count 9, and thus charging Defendant with violating both sections does not mandate dismissal of any counts.

If Defendant is ultimately convicted of any of Counts 1 through 8 and Count 9, the

---

[4] The Superseding Indictment only referenced § 2423(f) as the source of the definition of "illicit sexual conduct."

Court might then have to consider whether both convictions could stand, but a decision now would be premature. In *United States v. DeCarlo*, 434 F.3d 447 (6th Cir.2006), the defendant was convicted of violating both 18 U.S.C. § 2241(c) and § 2423(b). 434 F.3d at 449. He argued on appeal that his conviction on both counts based on the same conduct violated double jeopardy. The Sixth Circuit held that § 2241(c) included the lesser offense of interstate travel with the intent to have illicit sexual conduct with a person under eighteen, 18 U.S.C. § 2423(b), but the two charges did not render the indictment defective. Rather, the conviction and punishment for both in his case violated double jeopardy. *Id.* at 454-57.[5] As such, Defendant is not entitled to dismissal of Count 9 of the Second Superseding Indictment on the grounds that it is multiplicitous, however, the evidence at trial may preclude conviction and sentence on any of Counts 1 through 8 and Count 9. The Court cannot conclude at this juncture, however, that multiplicity exists, and thus dismissal would be premature.

Defendant also contended that Counts 1 through 6 are collectively multiplicitous with Counts 17 through 22, now Counts 10 through 17 of the Second Superseding Indictment, and that Counts 1 through 6, which carry a minimum of thirty-years imprisonment each should be dismissed in favor of the later counts, for which the statutory maximum is thirty-years. Counts 1 through 6 charge Defendant with Aggravated Sexual Abuse with Children in violation of 18 U.S.C. § 2241(c), which requires proof that Defendant traveled across state

---

[5] Additionally, the court noted: "[t]he government is correct that a person could violate § 2423(b) *theoretically* without also violating section 2241(c)." *Id.* at 456.

lines with the intent to engage in a sexual act with a person who had not yet attained the age of twelve years. Counts 10 through 17, however, do not require the government to prove that Defendant traveled with such intent, only that he traveled in foreign commerce and engaged in illicit sexual conduct.

Counts will not be considered multiplicitous even if they arise out of the same conduct if each count requires at least one unique element of proof. *Johnson*, 130 F.3d at 1425 (citing *United States v. Peterson*, 867 F.2d 1110 (8th Cir. 1989)(citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Because 18 U.S.C. § 2423(c) does not require the Government prove that Defendant traveled with the intent to engage in illicit sexual conduct, the government could prove that Defendant violated § 2423(c) but fail in its attempt to prove a violation of § 2241(c). *See United States v. Frank*, 599 F.3d 1221, 1232 (11th Cir. 2010)("For instance, Congress amended 18 U.S.C. § 2423(c) in 2003 to eliminate the requirement that the government had to prove the intent to engage in sexual activity, and instead allowed prosecution where the defendant traveled in foreign commerce and actually engaged in illicit sexual activity with a minor.")(citing PROTECT Act, § 105, 117 Stat. at 654, *codified as amended* at 18 U.S.C. § 2423(c); H.R.Rep. No. 107–525 (2003)); *United States v. Pendleton*, 2009 WL 330965, *1 n. 1 (D.Del. Feb. 11, 2009)(Section 2423(b) requires proof that intent to commit the sex offense existed prior to departure from the United States, § 2423(c) eliminates requirement of such proof). The Court therefore concludes Defendant is not entitled to dismissal of either Counts 1 through 8 or Counts 10 through 17 on the basis of multiplicity.

Furthermore, even if the claims were multiplicitous, Defendant would not be given the option of which charges should proceed, nor would dismissal of one set of the charges be mandatory. Rather, the double jeopardy concerns arise only upon conviction, making the issue premature at this juncture. *See United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir.2006).("[w]here there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed.").

Finally, Defendant has not established his allegations of prosecutorial vindictiveness or that it is improper for the government to choose to indict on a charge that carries a harsher sentence when § 2423(c) was enacted in accordance with the Optional Protocol to the United Nations Convention on the Rights of the Child on the Sale of Children, Child Prostitution, and Child Pornography. While Defendant argues that the government has conceded it is attempting to circumvent the limitations of the sentencing scheme of the Protect Act, he cites no authority that § 2423 eliminates prosecutorial discretion. The decision to charge under the statute that contained a substantial mandatory minimum sentence is not evidence of prosecutorial vindictiveness, but rather is merely the exercise of prosecutorial discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."). If unable to prove the requisite intent but nevertheless able to prove illicit sexual conduct by the Defendant in Kenya, the provisions of § 2423(c), with

a statutory maximum of thirty years will be the operative statute, however, the decision to charge both is not itself evidence of prosecutorial vindictiveness, especially where both § 2241(c) and § 2423(c) were charged in the original indictment.

To establish a claim of prosecutorial vindictiveness, the defendant must prove either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness. *United States v. Lampley*, 127 F.3d 1231, 1245 (citing *United States v. Goodwin*, 457 U.S. 368, 376, 380–81, 384 & n. 19 (1982)). Although the Court has cautioned counsel for both Plaintiff and Defendant regarding their lack of professionalism toward one another, the Court finds no evidence of prosecutorial vindictiveness so as to warrant dismissal of any count of the Second Superseding Indictment.

For the reasons set forth herein, Defendant's motion to dismiss and alternative motion for bill of particulars (Doc. No. 127) is hereby DENIED.

IT IS SO ORDERED this 16th day of April, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE