# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. CR-14-231-R |
| | ) |
| **MATTHEW LANE DURHAM,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Defendant filed a Motion to Dismiss on Fifth and Sixth Amendment Grounds (Doc. No. 304). The United States responded in opposition to the motion. Having considered the parties' submissions, the trial in this matter, and the relevant law, the Court finds as follows.

On the eve of trial in this case, which charged Defendant with seventeen counts related to travel to Kenya and allegations that he molested six children while he was there, Defendant filed the instant motion. He argued the charges against him should be dismissed because "[i]f the Government forces Mr. Durham to trial in the Western District of Oklahoma, Mr. Durham will be denied the ability to present witnesses in his own defense." Doc. No. 304, p. 1. Defendant's argument was rooted in the fact that certain of the crimes herein were alleged to have occurred in Kenya, placing witnesses beyond the subpoena power of this Court. Defendant contends there are dozens of potential witnesses that he believes can present favorable testimony.[1] Defendant was convicted on June 19, 2014 of

---

[1] The instant motion cites to the Court's denial of Defendant's Motion to Compel the Government's Meaningful Assistance in Securing Kenyan National Children at Trial (Doc. No. 260). Therein Defendant
(continued...)

seven counts of violating 18 U.S.C. § 2423(c), which makes it a crime for a United States citizen who travels in foreign commerce to engage in illicit sexual conduct with another person.

> The Fifth Amendment guarantees that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The right to due process "is, in essence, the right to a fair opportunity to defend against the [government's] accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. This right is violated when the defendant is "arbitrarily deprived of 'testimony [that] would have been relevant and material, and ... vital to the defense.'" *United States v. Valenzuela–Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982) (alterations in original) (quoting *Washington v. Texas*, 388 U.S. 14, 16, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967)). Fifth Amendment due process and Sixth Amendment compulsory process are closely related, for the right "to call witnesses in one's own behalf ha[s] long been recognized as essential to due process." *Chambers*, 410 U.S. at 294, 93 S.Ct. 1038; *see also Washington*, 388 U.S. at 19, 87 S.Ct. 1920. At root, then, we are asked to determine whether one of the "elements of a fair trial" was absent in the proceedings below. *Chambers*, 410 U.S. at 295, 93 S.Ct. 1038.

*United States v. Beyle*, 782 F.3d 159, 169-70. (10th Cir. 2015). The rights, however, are not unlimited, despite their fundamental nature. "In concrete terms, the right to compulsory process is 'circumscribed . . . by the ability of the district court to obtain the presence of a witness through service of process.'" *Id.* at 170 (quoting *United States v. Moussaoui*, 382

---

[1](...continued)
requested that the Court order the Government to assist Defendant's efforts to ensure the presence of C.N., J.N.1, S.N.1, S.N.2, F.A. and B.M. for trial. At trial Defendant stipulated to the unavailability of C.N., J.N.1 and S.N.1. S.N.2 testified at trial. Accordingly, with regard to those witnesses, the Court finds no basis for dismissal of any of the remaining counts against Defendant. Additionally, Defendant was permitted, without objection by the Government, to play the exculpatory portions of J.N.1's forensic interview. The jury acquitted Mr. Durham on the counts related to J.N.1, and thus he cannot assert prejudice from his absence.

2

F.3d 453, 463 (4th Cir. 2004)). The obstacles identified by Defendant in this case were not created by the Court or by the government, but rather by the fact that Defendant is accused of committing a crime in a foreign country, which does not preclude the United States from pursuing this prosecution. *See United States v. Zabaneh*, 837 F.2d 1249, 1259-60 (5th Cir.1988)(defendant's inability to subpoena foreign witnesses does not bar prosecution); *United States v. Greco*, 298 F.2d 247, 251 (2d Cir.), cert. denied, 369 U.S. 820, 82 S.Ct. 831, 7 L.Ed.2d 785 (1962). Furthermore, as noted above, Defendant ultimately conceded that three of the witnesses he sought were unavailable and one testified at trial. With regard to the remaining two children identified in the Motion to Compel, Doc. No. 260, Defendant offered no explanation as to how either F.A. or B.M. could provide exculpatory evidence.

Defendant contended he would not receive a fair trial in this case. The Court, finds, however, following presentation of the evidence and the decision of the jury, that Defendant's rights as identified in the current motion were not impaired. As such, he is not entitled to dismissal of any of the counts for which he was convicted.[2] Defendant's motion, considered either before or after presentation of the evidence in this matter, provides no basis for dismissal of the Counts for which Defendant was convicted.

---

[2] At page 5 of the instant motion Defendant presents an argument that could be construed as asserting that Congress exceeded its authority in enacting the statutes at issue in this case. Defendant's argument, however, is too vague to constitute a facial challenge to the statutes. He references no particular counts of the Second Superseding Indictment, despite having been charged under three statutes. Furthermore, Defendant failed to timely file any such challenge. Moreover, as concluded by the Court in *United States v. Pendleton*, 658 F.3d 299, 311 (3d Cir.2011), § 2423(c) was a valid exercise of Congress's power under the Foreign Commerce Clause.

For the reasons set forth herein, Defendant's motion to dismiss (Doc. No. 304) is DENIED.

IT IS SO ORDERED this 22nd day of June, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE