# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CR-14-231-R |
| MATTHEW LANE DURHAM, | ) | |
| Defendant. | ) | |

## ORDER

Defendant has filed a Motion for Arrest of Judgment (Doc. No. 369), to which Plaintiff has objected (Doc. No. 374), and Defendant has filed a Reply (Doc. No. 378). Therein Defendant challenges the constitutionality of 18 U.S.C. § 2423(c), the statute under which he was convicted. Having considered the parties' submissions, the Court finds as follows.

Rule 34 of the Federal Rules of Criminal Procedure provides, in relevant part, "[u]pon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense." Defendant contends the Court lacks jurisdiction over his convictions because Congress lacked the authority to enact the non-commercial portion of 18 U.S.C. § 2423(c) and (f)(1). The government responds by arguing that "to the extent a defendant can challenge the constitutionality of an underlying criminal statute in a Rule 34 motion, the challenge is limited to a facial attack." Doc. No. 374, p. 4.

In reply Defendant states:

Should this Court find that Mr. Durham cannot bring an as applied challenge

to the constitutionality of a statute pursuant to Rule 34, Defendant submits that a facial challenge is available or, in the alternative, requests this Court to either grant Defendant leave to refile his argument as a motion to dismiss or treat the instant motion as a motion to dismiss.

Doc. No. 378, p. 1. The Court hereby adopts Defendant's first alternative, which is in agreement with the government's contention, that is, that a facial challenge to the constitutionality of the non-commercial prong of § 2423(c) is available pursuant to Rule 34, but an applied challenge is not, because it is not a jurisdictional challenge. *See United States v. De Vaughn*, 594 F.3d 1141, 1150 (10th Cir. 2012). The Court finds further support for proceeding in this manner in Defendant's argument that "Mr. Durham's Rule 34 Motion is not based on the particular merits of his case, it is based on the premise that the noncommercial prong of section 2423(c) is an invalid, unconstitutional statute." Doc. No. 378.

> "A facial challenge is a head-on attack [of a] legislative judgment, an assertion that the challenged statute violates the Constitution in all, or virtually all, of its applications." *United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir.2007).
>
> In contrast, "[a]n as-applied challenge concedes that the statute may be constitutional in many of its applications, but contends that it is not so under the particular circumstances of the case." *Id*. (emphasis added); *see also New Mexico Youth Organized v. Herrera*, 611 F.3d 669, 677 n. 5 (10th Cir.2010) ("[An] 'as-applied' challenge to a law acknowledges that the law may have some potential constitutionally permissible applications, but argues that the law is not constitutional as applied to [particular parties].").

*United States v. Carel*, 668 F.3d 1211, 1216 (10th Cir. 2011); *see also United States Forest Serv.*, 653 F.3d 1241, 1245 (10th Cir.2011)("The nature of a challenge depends on how the plaintiffs elect to proceed—whether they seek to vindicate their own rights based on their

own circumstances (as-applied) or whether they seek to invalidate a[ ] [statute] based on how it affects them as well as other conceivable parties (facial)."). Accordingly, the Court turns to the merits of Plaintiff's factual challenge to the constitutionality of the relevant statute.

> [The Court] must . . . presume that the statute is constitutional. *See* [*United States v. Plotts*, 347 F.3d 873, 877 (10th Cir.2003)]. ("We review challenges to the constitutionality of a statute de novo.... Statutes are presumed constitutional." (quotations and citations omitted)); *see also Gillmor v. Thomas*, 490 F.3d 791, 798 (10th Cir.2007) ("As a general matter, we give all statutes a presumption of constitutionality."). The Supreme Court has instructed that "[d]ue respect for the decisions of a coordinate branch of Government demands that we invalidate a congressional enactment only upon a plain showing that Congress has exceeded its constitutional bounds." *United States v. Morrison*, 529 U.S. 598, 607, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000).

*Carel*, 668 F.3d at 1216. As noted, Defendant challenges 18 U.S.C. § 2434(c), which provides:

> Any United States citizen or alien admitted for permanent residence who travels in foreign commerce or resides, either temporarily or permanently, in a foreign country, and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

"Illicit sexual conduct" had two definitions at the time of Defendant's indictment, both contained in subsection (f), each with reference to other statutes, to include a commercial sex act or, as utilized in this case, a "sexual act" as defined in 18 U.S.C. § 2246. Defendant contends Congress exceeded its authority in criminalizing non-commercial conduct that occurs purely outside the United States.

The constitutionality of § 2423(c) is an issue of first impression in the Tenth Circuit. Other courts, including courts of appeal, have considered the issue; none has invalidated §

3

2423(c) in the commercial or non-commercial context.[1] The most recent pronouncement is from the Court of Appeals for the Fourth Circuit, *United States v. Bollinger*, 798 F.3d 201 (4th Cir. 2015).[2] "The question this case presents is simply whether the 'power to regulate Commerce with foreign Nations'— the Foreign Commerce Clause—permits Congress to prohibit a person from engaging in illicit non-commercial sexual conduct after he or she has traveled in foreign commerce." *Id.* at 209. The court noted the absence of Supreme Court boundaries on Congress' powers under the Foreign Commerce Clause. The court considered whether to apply wholesale the limitations on Congressional power with regard to interstate commerce, as set forth by the Supreme Court in *United States v. Lopez*, 514 U.S. 549, 552, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), to laws passed pursuant to the Foreign Commerce Clause. *Id*. at 208-215 (discussing *Lopez* and *United States v. Morrison,* 529 U.S. 598, 607, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000)).

> We agree that the *Lopez* categories provide a useful starting point in defining Congress's powers under the Foreign Commerce Clause. Regarding the first two categories, Congress clearly may regulate 1) "the use of the channels of [foreign] commerce," and (2) "the instrumentalities of [foreign] commerce, or persons or things in [foreign] commerce." *Lopez*, 514 U.S. at 558, 115 S.Ct. 1624. We continue to believe, however, that the third *Lopez* category—permitting the regulation of "activities that substantially affect

---

[1] The Sixth Circuit in *United States v. Al-Maliki*, 787 F.3d 784, 792 (6th Cir. 2015), suggested that § 2423(c) may be unconstitutional, but declined to conclude that the non-commercial prong was unconstitutional because it was limited to reviewing the District Court decision for plain error. "We lean toward finding "error" in enforcing § 2423(c) against al-Maliki for his noncommercial conduct while residing in Syria, but we need not—and do not—decide the issue today." *United States v. Al-Maliki*, 787 F.3d 784, 792 (6th Cir. 2015). The court concluded its *dicta* by again reminding that it was not deciding the issue, because "the statute is not *obviously* unconstitutional." *Id.* at 794.

[2] The *Bollinger* decision was issued after Defendant filed the instant motion, but before the response and reply were filed. Plaintiff addressed the decision in the response to the motion.

4

> interstate commerce"—is unduly demanding in the foreign context. *See Int'l Bancorp [v. Societe des Bains de Mer,* 329 F.3d 359, 368 (4th Cir. 2003)] ("The Supreme Court has articulated the substantial effects test to ensure that Congress does not exceed its constitutional authority to regulate interstate commerce by enacting legislation that, rather than regulating interstate commerce, trammels on the rights of states to regulate purely intra-state activity for themselves pursuant to their police power.").
>
> Instead of requiring that an activity have a substantial effect on foreign commerce, we hold that the Foreign Commerce Clause allows Congress to regulate activities that demonstrably affect such commerce. Requiring a showing of demonstrable effect, of course, still requires that the effect be more than merely imaginable or hypothetical.

*Id.* at 215-16. Analogizing § 2523(c) and § (f)(1) to cases upholding the Sex Offender Registration Notification Act ("SORNA"), which requires interstate travel by a sex offender with a subsequent failure to register, the court agreed "with the government that [Fourth Circuit] clear precedent could provide a solid basis for upholding § 2423(c) on the ground that it regulates the channels and instrumentalities of foreign commerce." *Id.* at 217. It concluded, however, that it need not "adopt such an expansive holding when a second, more limited, ground exists upon which we now find that Section 2423(c) regulates commerce with foreign nations." *Id.* at 218.

Citing the legislative history of the unsuccessful predecessor to the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act ("the PROTECT Act"), and the need for a holistic approach to combating the sexual exploitation of children, the *Bollinger* court concluded that § 2423(c) and the non-commercial prong of § (f)(1) were constitutional because Congress may regulate an activity "when it is rational to conclude that the activity has a demonstrable effect on foreign commerce." *Id.* at 218. "It is reasonable for

5

governments to determine that the non-commercial abuse of children is a factor that contributes to commercial sexual exploitation, and to regulate non-commercial conduct accordingly." *Id.* at 219.

The Third Circuit addressed the constitutionality of § 2423(c) in the non-commercial context in *United States v. Pendleton*, 658 F.3d 299 (2011), finding the provisions "a valid congressional enactment under the narrower standard articulated in *Lopez*." *Id.* at 308. In *Pendleton*, the court carried all three of the *Lopez* tests from the interstate commerce context to the foreign commerce arena, despite the absence of the federalism concerns that guide the *Lopez* factors but which are unnecessary with regard to the Foreign Commerce Clause. *Id.* at 307-308.

As in *Bollinger*, the *Pendleton* court compared § 2423(c) with SORNA and noted the cases upholding its constitutionality. The court concluded that the same rationale applied: "[i]n sum, because the jurisdictional element in § 2423(c) has an 'express connection' to the channels of foreign commerce, *Morrison*, 529 U.S. 612, 120 S.Ct. 1740, we hold that it is a valid exercise of Congress's power under the Foreign Commerce Clause." *Id.* at 311.

These decisions are in accord with one of the earliest court decisions addressing the non-commercial prong of §§ 2423(c) and (f)(1), issued by the United States District Court for the Western District of Texas. *United States v. Martinez*, 599 F.Supp.2d 784, 807–08 (W.D.Tex.2009). Therein the court noted *Lopez*, but concluded that Congress is not constrained by the limits set forth therein when regulating foreign commerce. "The *Lopez/Morrison* framework 'developed in response to the unique federalism concerns that

6

define congressional authority in the interstate context.'" *Id.* at 805 (quoting *United States v. Clark*, 435 F.3d 1100, 1103 (9th Cir. 2005)(citation to *Lopez* and further citations omitted). Relying in part on the post-*Lopez/Morrison* authority of *Gonzales v. Raich*, 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005), the court concluded that Congress had the authority to regulate non-commercial illicit sexual conduct that occurs after a defendant travels in foreign commerce. *Id.* at 806.

> In conclusion, given the almost complete deference federal courts have shown towards Congress in enacting laws regulating foreign commerce, the extensive powers that the Constitution affords Congress in regulating international affairs, and the unambiguous jurisdictional language in § 2423(c), this Court holds that Congress was acting well within its authority to "make all Laws which shall be necessary and proper" to "regulate Commerce with foreign Nations" when it made both the commercial and noncommercial illicit sexual conduct in § 2423(c) and § 2423(f) unlawful. At best, there has been no "plain showing that Congress has exceeded its constitutional bounds." *[United States v.] Bredimus*, 352 F.3d [200] at 203 [5th cir. 2003)]. Accordingly, Defendant's Commerce Clause argument against § 2423(c) fails.

*Id.* at 808.

Similarly, the court in *United States v. Flath*, 2011 WL 6299941 (E.D.Wis. 2011), *report and recommendation adopted in part*, 845 F. Supp. 2d 951 (E.D. Wis. 2012), adopted the conclusion in *Martinez*, and concluded that the statute was constitutional with regard to Mr. Flath, a United States citizen who had established permanent residence in Belize. The *Flath* court cited *Lopez* and *Morrison* and noted that the *Lopez* categories are not mandatory or exclusive, and the Supreme Court has yet to conclude that the categories apply with regard to foreign commerce. *Id.* at *4 (quoting *Clark*, 435 F.3d at 1116). The court ultimately applied *Lopez* and *Morrison* as guidelines, mindful of the distinction between foreign and

7

interstate commerce, and the absence of federalism issues in the former. *Id.* As with the cases cited above, the court concluded that despite the fact that the use of the channels of commerce is not directly tied to the illicit sexual conduct, that Seventh Circuit authority concluding that SORNA is constitutional supported a finding of constitutionality with regard to § 2423(c). *Id.* at * 6 (citing *United States v. Vasquez*, 611 F.3d 325 (7th Cir. 2010). ("Following the reasoning of *Vasquez*, because § 2423(c) is only invoked when a person travels in foreign commerce, the use of the channels and instrumentalities of interstate commerce is necessarily a part of the commission of the offense. Accordingly, the defendant was a person in foreign commerce when he traveled from the United States to Belize via the channels of foreign commerce.")(additional citation omitted). The court further concluded that § 2423(c) meets the third *Lopez* test, despite the fact that the illicit sexual activity was non-economic. "In sum, considering Congress' broad power in foreign commerce and the Supreme Court's most recent Commerce Clause case, *Raich*, I conclude that 18 U.S.C. § 2423(c) prohibits activities that substantially affect foreign commerce."

The undersigned concurs with the above cases despite the absence of direct authority from the Tenth Circuit. The Tenth Circuit has affirmed the constitutionality of SORNA based on similar principles. *See United States v. White*, 782 F.3d 1118 (10th Cir. 2015). In *White* the court noted that SORNA requires both interstate travel and a failure to register. *Id.* at 1124. "Congress's authority to regulate the activity covered by SORNA is confirmed by the first and second prongs of *Lopez*, which regulate the 'channels of interstate commerce' and 'persons or things in interstate commerce.' *Id.* (quoting *Lopez*, 514 U.S. at 558). Adopting the

8

authorities set forth above, and in light of *White*, the Court finds that Plaintiff has failed to establish that Congress acted outside the scope of its authority under the Foreign Commerce Clause in enacting 18 U.S.C. § 2423(c) and § (f)(1).[3] Accordingly, Defendant's Motion for Arrest of Judgment (Doc. No. 369) is hereby DENIED.

IT IS SO ORDERED this 26th day of January, 2016.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] Defendant's contention that § 2423(c) unreasonably burdens the right to travel is without merit. Nothing in § 2423(c) precludes entry or departure from any state or country.